■ JESSE F. HOWES, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 60421.) — Appeal from a judgment in favor of claimant, entered July 10, 1979, upon a decision of the Court of Claims (Hanifin, J.). As part of the construction of interstate highway I-88, the State, on August 8, 1973, appropriated 58.11 acres of claimant's 130.5-acre tract on which claimant had been successfully operating a gravel and sand business for six years. The quarry was equipped with a crusher, washer and various conveyors and storage bins. Though on concrete footings, the plant could be and was eventually moved. As is not uncommon in cases of this kind, the parties' appraisers differed markedly, not only as to the value of the land appropriated and the quality and quantity of gravel located thereon, but also as to the amount and price of the gravel-bearing and recreational acreage which remained after the taking. In a decision well within the range of the testimony, the court articulated the reasons for its findings and its calculations as to values. The only shortcoming we observe lies in its refusal to award cost of cure damages for the premature relocation of claimant's gravel operation equipment. While the testimony in this regard is indeed sparse, it is clear that claimant's estimated cost of moving the equipment to a new gravel site was $33,350. Claimant's expert's assertion

that the taking had reduced the life expectancy of claimant's gravel site from 21.9 years to 4.5 years, or by 80%, and, therefore, entitled claimant to 80% of the cost of relocating his operation as a cost of cure item, was rejected by the court. We find no fault with this specific conclusion. However, when it is considered that 28 of claimant's 68 acres of gravel-bearing property were appropriated and the value assigned by the court to each of these acres is identical, we are hard pressed to agree that the appropriation did not impel claimant to move his operation prematurely, and we find the failure to award some portion of these expenses, as a cost of cure item, incongruous. Claimant's ability to recover the cost of his plant investment was necessarily foreshortened by this 41% diminution in the size of the gravel-bearing acreage. As a consequence, we find it appropriate to award claimant 41% of his moving expenses as a cost of cure damage item. Judgment modified, on the law and the facts, by increasing claimant's award to $88,898.50, with appropriate interest thereon, and, as so modified, affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.